# TERRITORY *v*. MASATO NISHIMITSU, ALIAS KATSUTO NISHIMITSU.

## No. 1618.

### EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. R. DESHA, JUDGE.

SUBMITTED JUNE 3, 1925.                    DECIDED JUNE 15, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

VERDICT—*sufficiency of evidence in support of.*

The evidence in this case being ample to support the verdict of the jury finding defendant guilty of gross cheat, the court is not at liberty to disturb the verdict.

OPINION OF THE COURT BY LINDSAY, J.

Defendant was charged in the district court of Honolulu with the crime of gross cheat, the charge alleging that defendant, on March 26, 1923, "unlawfully, falsely, fraudulently, knowingly and designedly, and with intent in him, the said Katsuto Nishimitsu, to cheat and defraud one A. Itoga, did falsely pretend to the said A. Itoga that said A. Itoga was indebted to one Katayama in the sum of Twenty 65/100 Dollars and that said Katayama had sent said Katsuto Nishimitsu for the said Twenty 65/100 Dollars, whereas in truth and in fact, the said Katsuto Nishimitsu then and there well knew such pretense to be false and fraudulent, and by reason of which said false and fraudulent pretense, the said Katsuto Nishimitsu did obtain from the said A. Itoga certain money of the amount and value of Twenty 65/100 Dollars and did then and there and thereby commit the offense of gross cheat, contrary to the provisions of chapter 233, Revised Laws of Hawaii, 1915."

A second charge was entered against defendant on

the complaint of M. Yoshigai, the charge being identical to the first, except that in the second charge the date of the commission of the offense was stated as March 25, 1923, and the person defrauded was M. Yoshigai.

When the two charges were called for hearing, defendant pleaded not guilty to each charge and demanded trial by jury. The two cases were therefore removed to the circuit court. In the circuit court, by agreement, the two cases were consolidated, tried together by a jury and defendant convicted. The case comes here on exceptions.

Exceptions 4 and 5 are that the trial court erred in denying defendant's motion for a directed verdict of not guilty. It is urged by defendant that the jury should have been directed to acquit defendant because the prosecution failed to produce any evidence of any false pretense.

From the evidence it appears that defendant, on or about May, 1922, organized a sort of association known among the Japanese as a "tanimoshi," consisting of from fourteen to seventeen members, including the two complaining witnesses as well as the defendant. The organizer of such an association, who is known as the "mother" of the tanimoshi, is custodian of all papers and accounts, and is responsible for the collection of the monthly payments required from each member of the tanimoshi. Each member is obligated to contribute an agreed amount per month. Each month a drawing is held and the member who bids the highest amount, by way of interest, is entitled to take the aggregate of the contributions for that particular month. The amount bid is returned to each member of the tanimoshi as his profit or interest on the amount of his contribution. In this particular tanimoshi the amount that each member agreed to contribute monthly was $25. The

prosecution produced evidence tending to show that the eleventh drawing of the tanimoshi was held on either the 25th or 26th of March, 1923; this was the last drawing held, for although there should have been six more monthly drawings, "the thing had gone broke," and no more drawings were held. On the afternoon of March 25 defendant came to A. Itoga, one of the complaining witnesses, and told him that a man named Katayama, who he said was a clothes cleaner who lived at Kalihi, had won the drawing and asked the witness to pay to defendant his contribution. Witness paid defendant $20.65 which was the agreed contribution of $25, less $4.35, the amount the successful bidder was said to have agreed to pay each contributor for the privilege of being allowed to take the aggregated contributions. Defendant told witness prior to this drawing that Katayama was a member of the tanimoshi. The other complaining witness, M. Yoshigai, testified that she was a member of the tanimoshi; that she was present at the drawing of March 25 and that Katayama was not there; that at this drawing it was announced that Nishimitsu, the brother of defendant, and Katayama had each bid $4.35 for the privilege of taking the tanimoshi money; that Nishimitsu said he would let Katayama have the privilege; that defendant told the witness that Katayama was a clothes cleaner who lived at Kalihi; witness paid defendant her contribution of $25, less $4.35, the price or interest charge bid for the privilege.

The prosecution produced a man named M. Katayama who testified that he was a clothes cleaner and lived at Kalihi; that he did not know defendant, had only seen him once before; that he was not a member of the tanimoshi, knew nothing about it, had never made a bid for a drawing and that defendant had never

paid him the proceeds of a tanimoshi drawing or paid him any money whatsoever at any time. The witness stated that there were many persons in Honolulu bearing the name of Katayama, but, as far as he knew he was the only person of that name who lived at Kalihi and was engaged in the business of cleaning clothes. The foregoing is the gist of the evidence adduced by the prosecution.

Defendant testified that at the drawing on March 25, Katayama was present, but that the Katayama he referred to was not the Katayama who testified for the prosecution; that the Katayama he referred to was a cook and waiter who had been a member of the tanimoshi since its inception and that defendant had never told the complaining witnesses that he was a clothes cleaner from Kalihi; that the drawing on March 25 was held at one o'clock at which time all the members were present; that Nishimitsu, the brother of defendant, and Katayama each bid $4.35 for the privilege of taking the contributions; that later in the afternoon when all of the members had left, except Hirata, defendant, defendant's wife, Nishimitsu and Katayama, Katayama said he needed the money badly, so Nishimitsu said he could have it, hence defendant paid the contribution, amounting to approximately $359, to Katayama; that he took no receipt from Katayama, as it was not his custom to take receipts from the person receiving tanimoshi money; that he had never seen said Katayama since that day; that he had searched for Katayama but had been unable to discover his whereabouts, although Katayama had been in the habit of coming frequently to defendant's barber shop for ten years; that shortly after March 25, defendant, being in need of money, went to Hilo to try to secure a loan but was unsuccessful in his efforts; that he did not return

from Hilo until May 17, shortly after which he was arrested on this charge; that during his absence in Hilo his barber shop, which was being conducted by his wife, was closed up through a suit brought by one of his creditors; that he kept books of the tanimoshi transactions but had been unable to find the same.

K. Hirata testifying for the defense said that he was a member of the tanimoshi but was not present at the drawing of March 25; that in the afternoon of that day he went to the house of defendant and saw Nishimitsu and a man named Katayama there, not the Katayama who testified for the prosecution but a different man; witness was informed that Nishimitsu and Katayama had each been successful bidders and that Nishimitsu had relinquished the privilege in favor of Katayama; that he saw defendant pay the money to Katayama. This witness further testified that Katayama gave no receipt for the money to defendant for, although in other tanimoshis receipts were given, in this tanimoshi all were friends and receipts were not necessary. On cross-examination the witness admitted that he knew only a few of the sixteen or seventeen members of the tanimoshi and that he never knew this man Katayama before the formation of the tanimoshi, the witness explaining that he had confidence in the defendant and left all matters pertaining to the tanimoshi in his hands.

T. Nishimitsu, the brother of defendant, testified that he and Katayama were successful bidders at the drawing of March 25 and that he had let Katayama have the privilege, not the Katayama who testified for the prosecution, but another man. On cross-examination the witness said that some time after the drawing, he had gone out to the place of Katayama, the clothes cleaner, at Kalihi to talk about the tanimoshi, but when he got

there and saw this Katayama he knew that he was not the man that he was looking for.

The verdict of the jury shows that it gave no credence to the very unlikely story told by defendant and his witnesses and that it did believe the story of the complaining witnesses. The evidence was ample to support the verdict of the jury and, this being so, we are not at liberty to disturb the verdict. None of the other exceptions urged have merit.

The exceptions are overruled.

*W. H. Heen,* City and County Attorney, and *E. K. Massee,* Deputy City and County Attorney, for the Territory.

*E. M. Watson* for defendant.